UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEROME WINKLER,

                Plaintiff,

   -against-

DANIEL HIRSCH, HERSHEY FRIEDMAN,
AGRI-STAR MEAT & POULTRY LLC, and
SHF INDUSTRIES,

                Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

12-CV-3893 (JG) (LB)

JOHN GLEESON, United States District Judge:

        Plaintiff Jerome Winkler commenced this *pro se* action on August 6, 2012, putatively invoking the court's diversity jurisdiction. Winkler has paid the statutory filing fee. As set forth below, I direct the plaintiff to file an amended complaint within 30 days from the entry of this Order.

## BACKGROUND

        Winkler alleges that in October 2010, he and the defendants entered into an agreement whereby Winkler, as a consultant, would promote the defendants' business. Winkler further alleges that the defendants failed "to pay the agreed commissions," conspired to "deprive him of his contractual rights under the agreement," failed to compensate him for instituting new programs, and set freight rates so high that it caused him to lose "many opportunities to earn sales commissions." Compl. ¶¶ 8-20. Winkler alleges that he is a United States citizen who resides in New York, that defendant Daniel Hirsch resides in New York, that defendant Hershey Friedman is a citizen and resident of Canada, and that both Agri-Star Meat & Poultry LLC and SHF Industries were incorporated in Iowa, and that Agri-Star Meat & Poultry LLC's principal place of business is in Iowa. *Id.* ¶¶ 1-5. He seeks $575,000 or more in damages. *Id.* at 4.

DISCUSSION

A.   *Legal Standards*

A court must construe a *pro se* litigant's pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed "without granting [the plaintiff] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted). Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a plaintiff in federal court, whether *pro se* or not, must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539, 542 (E.D.N.Y. 1999). The subject matter jurisdiction of the federal courts is limited. *See* U.S. Const. art. III, § 2. Federal jurisdiction is available only when the case presents a "[f]ederal question," *see* 28 U.S.C. § 1331, or when the plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, *see id.* § 1332(a). Diversity jurisdiction requires complete diversity between the parties; that is, the plaintiff's citizenship must be different from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). If the plaintiff is a citizen of the same state as even one defendant, diversity of citizenship

is defeated and the court lacks subject matter jurisdiction over the action. *Aurora Loan Servs. LLC v. Sadek*, 809 F. Supp. 2d 235, 239 (S.D.N.Y. 2011) ("Put simply, [complete diversity] means that no plaintiff can be a citizen of the same state as a defendant.").

If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

B.   *Analysis*

Here, Winkler attempts to invoke the court's diversity jurisdiction. Compl. ¶ 6. However, to do so, he relies on allegations of residency alone. *See id.* ¶¶ 1-5.

"[I]t is well[]established that allegations of residency alone cannot establish whether parties are 'citizens of different states' for the purposes of establishing subject matter jurisdiction under section 1332." *Young-Gibson v. Patel*, No. 11-4168-CV, 2012 WL 2096939, at *1 (2d Cir. June 12, 2012) (unpublished) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). Instead, Winkler must set forth the *citizenship* of each party named in the action. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotation marks omitted). "At any given time, a person has but one domicile." *Id.* A corporation, by contrast, may have multiple citizenships, and is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Because Winkler's complaint does not allege each party's citizenship, I am unable to discern whether his action satisfies the above requirements for diversity jurisdiction. I direct him to file an amended complaint in which he specifically alleges the state citizenship of each party. Winkler is advised that if his state citizenship is the same as any of the named defendants, diversity of citizenship shall be defeated and the court will lack subject matter jurisdiction over this complaint alleging breach of contract claims. *See* U.S. Const. art. III, § 2.

## CONCLUSION

As set forth above and in light of Winkler's *pro se* status, I direct Winkler to file within 30 days from the date of entry of this Order an amended complaint which, *inter alia*, sets forth the state citizenship of each party named in the action. The amended complaint shall completely replace the original complaint, shall be titled "AMENDED COMPLAINT," and shall bear the same docket number as this Order: "No. 12-CV-3893 (JG) (LB)."

If Winkler fails to file an amended complaint as set forth above, judgment dismissing the complaint for lack of subject matter jurisdiction shall be entered. *See* Fed. R. Civ. P. 12(h)(3). Although plaintiff paid the filing fee to commence this action, I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 30, 2012
      Brooklyn, New York