UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

JEROME WINKLER,

          Plaintiff,

- versus -

HERSHEY FRIEDMAN; AGRI-STAR MEAT & POULTRY LLC; SHF INDUSTRIES,

          Defendants.

ORDER

12-CV-3893

---

JOHN GLEESON, United States District Judge:

  Jerome Winkler commenced this *pro se* diversity action against Hershey Friedman, Agri-Star Meat & Poultry LLC ("Agri-Star"), and SHF Industries ("SHF") alleging breach of contract. On June 25, 2013 I granted Agri-Star and SHF's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Winkler v. Friedman*, No. 12-cv-3893, 2013 WL 3226763 (E.D.N.Y. June 25, 2013). On July 1, 2013 Friedman filed a letter with the Court requesting that the complaint be dismissed against him for, *inter alia*, the reasons set forth in the Court's June 25, 2013 memorandum and order. ECF No. 42. I construed this letter as an application for a pre-motion conference for leave to file a motion to dismiss and at a status conference on July 17, 2013, I set an expedited briefing schedule for a motion to dismiss by Friedman.

  Winkler's allegations, even liberally construed, do not set forth a plausible claim for breach of contract against Friedman in his individual capacity. "The general rule, of course, is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability." *East Hampton Free School District v. Sandpebble Builders, Inc.*, 884 N.Y.S.2d 94,

126 (N.Y. App. Div. 2009) (citing *Bartle v. Home Owners Cooperative*, 309 N.Y. 103, 106 (N.Y. 1955)).  The doctrine of piercing the corporate veil is "an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation."  *Id*. (citing *Matter of Morris v. New York State Department of Taxation and Finance*, 82 N.Y.2d 135, 140-41 (N.Y. 1993).  A plaintiff seeking to pierce the corporate veil must demonstrate that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."  *Morris*, 82 N.Y.2d at 141.

Nothing in the complaint suggests that Friedman, in his dealings with Winkler, acted other than in his capacity as CEO of Agri-Star.  In fact, Winkler asserts in the amended complaint that Friedman acted in his official capacity as CEO in entering into the alleged contract with Winkler.  *See* Am. Compl. ¶¶ 8 ("In or about October 2010, Plaintiff and . . . Friedman, as CEO of Agri Star and Agri Star Meat & Poultry . . . entered into a multi-part agreement . . . ."), 10 ("Defendant Friedman . . . acting in [his] capacity as officer[ ] and principal owner[ ] of AGRI-STAR agreed to give Plaintiff a 'MANDATE' to institute all and any necessary changes and efficiencies to help make the company maximize its potential."), ECF No. 5.  Nor is there any allegation in the complaint to suggest that Friedman, through some asserted domination of Agri-Star, "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" against Winkler.  *Morris*, 82 N.Y.2d at 141.  Winkler does not suggest, for example, that Friedman failed "to respect the separate legal existence of the corporation, or that he treated its corporate assets as his own, or that he undercapitalized the corporation, or that he did not respect corporate formalities, or that he, in any other way, abused

the privilege of doing business in the corporate form."[1]  *East Hampton*, 884 N.Y.S. 2d at 99 (citing *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 867 N.Y.S.2d 169 (N.Y. 2008)).

Accordingly, Friedman's motion to dismiss is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 5, 2013
Brooklyn, New York

---

[1] Winkler's additional submissions to the Court, ECF No. 44, similarly fail to plausibly support a claim for piercing the corporate veil. These submissions consist of receipts for hotel expenses allegedly paid for by Friedman and a series of emails between Winkler and an Agri-Star employee disputing whether Winkler was owed a certain payment from Agri-Star.

3